IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Thomas Butler, #257552, )<br>　　　　　　　　　　　　　　　　) <br>　　　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　)<br>　　vs. )<br>　　　　　　　　　　　　　　　　)<br>Jon Ozmint, Director, South Carolina )<br>Department of Corrections; and )<br>Henry McMaster, Attorney General )<br>for South Carolina, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　Respondents. )<br>　　　　　　　　　　　　　　　　) | Civil Action No. 8:04-1884-JFA-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　　The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

　　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**PROCEDURAL HISTORY AND FACTS PRESENTED**

　　　　　The record reveals that the petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Charleston County. The petitioner was indicted at the June 1998 term of the Court of General Sessions in Charleston County for first degree criminal sexual conduct ("CSC") and was directly indicted on a charge of lewd act upon a minor. He was represented by attorney Guy Vitetta at trial. On April 14, 1999, the petitioner was tried by a jury and convicted of both charges. The Honorable Paul E. Short, Jr., sentenced the petitioner to life imprisonment for CSC and 15 years imprisonment for the lewd act charge.

The petitioner filed a timely notice of intent to appeal. On appeal, Robert Pachak of the South Carolina Office of Appellate Defense represented the petitioner. On November 21, 2000, the petitioner filed a final brief of appellant in the South Carolina Court of Appeals, presenting the following issue for review:

> Whether the trial court erred in admitting evidence that Applicant had sexually assaulted his older daughter over ten (10) years ago as part of a common scheme or plan when there was just a similarity between the two incidents?

The State filed a final brief of respondent on November 21, 2000, and the South Carolina Court of Appeals affirmed the petitioner's convictions in an unpublished decision filed February 22, 2001. *State v. Thomas Butler*, 2001-UP-110 (S.C. Ct. App. Feb. 22, 2001).

***First PCR Application***

The petitioner filed his first application for post-conviction relief ("PCR") on March 6, 2000 (2000-CP-10-895), raising the following issues:

> (a)  Ineffective assistance of trial counsel for failing to request transcript/transcripts of first trial.
>
> (b)  Misconduct by the State for failing to request appellant's transcripts. State interfered with appellant rights of favorable appeals.

The petitioner filed an amendment to the original application on July 30, 2001, raising the following additional grounds for relief:

> (a)  Newly discover[ed] evidence;
>
> (b)  Depriving of material witness;
>
> (c)  Violation of due process. 5th, 6th and 14th Amendments;
>
> (d)  Trial counsel failed to object to certain issues; and
>
> (e)  The court needed clear and convincing evidence of drawing.

A hearing was held on the PCR application before the Honorable A. Victor Rawl. At the hearing, the petitioner argued the following:

(a) Trial counsel failed to properly investigate and present evidence that the physical injuries to the victim's genitalia were caused by surgery which was performed on her when she was an infant;

(b) Trial counsel was ineffective for failing to adequately challenge whether there was sufficient evidence of penetration where the State's evidence thereof was vague and not specific; and

(c) Trial counsel failed to tell the petitioner about a plea bargain offered by the State in which he would receive a 15 year sentence.

The petitioner further alleged that appellate counsel was ineffective for not raising on direct appeal the following issues:

(a) The trial judge's refusal to disqualify juror 44 for cause; and

(b) The trial judge's denial of a directed verdict based on insufficient evidence of penetration.

In an order filed May 23, 2002, Judge Rawl denied the petitioner's claims for relief.

The petitioner appealed Judge Rawl's order, and on May 27, 2003, the petitioner's counsel filed a *Johnson* petition for writ of certiorari and petition to be relieved as counsel (pet. opp., ex. A). The following issues were presented in the petition:

(1) Was trial counsel ineffective for failing to investigate the possibility that physical trauma to the alleged victim's body was caused by early childhood surgery, and not sexual abuse; and

(2) Was trial counsel ineffective for failing to communicate the court's offer of a favorable plea agreement?

On December 17, 2003, the South Carolina Supreme Court denied the petition (pet. opp. at 4). *See* 10/27/03 order of dismissal at 3 and 4/21/04 *Johnson* pet. at 3.

***Second PCR Application***

The petitioner filed a second PCR application on May 17, 2002 (2002-CP-10-2166), which was amended on August 28, 2002. A hearing on the second PCR was held on September 9, 2003, before the Honorable R. Markley Dennis, Jr. In an order dated October 27, 2003, Judge Dennis denied and dismissed the PCR with prejudice. The petitioner appealed from

3

the order, and on April 21, 2004, a *Johnson* petition for writ of certiorari was filed with the South Carolina Supreme Court raising the following issue:

> Whether the PCR judge erred by ruling Petitioner's claim that his trial attorney was ineffective for failing to request a charge on ABHAN was barred as successive, since this was a fundamental issue that could have prevented the imposition of a life sentence based upon the two strikes law, and the PCR court should have addressed it pursuant to *Butler v. State*, 302 S.C. 466, 397 S.E.2d 87 (1990)?

(4/21/04 *Johnson* pet. at 2.)  The second petition for writ of certiorari is currently pending.

### *Petition for Writ of Habeas Corpus*

This *pro se* petition for writ of habeas corpus was filed on June 15, 2004, and raises the following issues:

> Ground One:  Conviction was obtained through the denial of the assistance of counsel.
> Counsel was ineffective through the failure to properly investigate and present evidence that the physical injuries to the victim's genitalia were caused by surgery that was performed on her when she was an infant; through the failure to adequately challenge whether there was sufficient evidence of penetration where the State's evidence thereof was vague and not specific; through the failure to inform Petition of a plea bargain offered by the State for a 15 year sentence.

(Pet. at 5).

On August 17, 2004, the respondents filed a motion for summary judgment, alleging that the petitioner's claims were not ripe for federal habeas corpus relief because the merits of the claims had not been exhausted in state court.  By order of this court filed August 24, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion.  The petitioner filed a response to the motion on September 16, 2004.

On January 11, 2005, this court filed a report recommending that the respondents' motion for summary judgment be granted in part and denied in part.  Specifically, this court found

that the plaintiff had exhausted his remedies on two of his state claims and that, therefore, summary judgment for failure to exhaust as to these two claims was not appropriate. By order filed February 15, 2005, Chief U. S. District Judge Joseph F. Anderson, Jr., adopted the report and recommendation of the court, denying summary judgment as to claims one and two. Judge Anderson further ordered that the case be sent be back to this court for further handling of the exhausted claims.

On March 4, 2005, the respondents filed an amended motion for summary judgment as to claims one and two. By order of this court filed March 9, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed a response to the motion on April 11, 2005.

## APPLICABLE LAW

Title 28, United States Code, Section 2254 (d) and (e), provides, in pertinent part, as follow:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The petitioner claims that he received ineffective assistance of counsel for two reasons. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively reasonable attorney would have done under the circumstances. *See id.* at 687-88. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance. *See id.* at 689.

## ANALYSIS

### Ground One

In his first ground for relief, the petitioner claims that he was denied effective assistance of counsel because his trial counsel failed to properly investigate and present evidence that the physical injuries to the victim's genitalia were caused by surgery she had as an infant and not by sexual abuse.

The victim in this case was the petitioner's 10-year-old daughter, who testified against him at trial. Additionally, the state's expert medical witness, Dr. Elizabeth Baker, testified that she examined the victim several months after the alleged assault. According to Dr. Baker, the victim's genital area was normal, except for a tear in her hymen (App. at 115). Dr. Baker testified that the tear in the victim's hymen was "diagnostic of blunt force penetrative trauma to the vagina" (App. at 117). Defense counsel did not cross-examine Dr. Baker.

At the PCR hearing, trial counsel testified that the petitioner and the petitioner's mother told him that the victim was born with "some sort of deformed genitalia." Counsel testified that he believed he had discussed this information with Dr. Baker before her testimony and that Dr. Baker, with whom he had worked in the past and whom he respected, indicated to him that

6

the victim's genitalia was normal (App. at 274; 285). The defense attorney testified that he did not conduct any independent investigation of the information (App. at 275). At the PCR hearing, the petitioner provided no evidence that the victim suffered from any type of genital abnormality.

The PCR court found that the petitioner's trial counsel's performance was not deficient when measured by a reasonable professional standard, under *Strickland*. The court found that it was reasonable for counsel to rely upon Dr. Baker's evidence and the petitioner presented no evidence showing prejudice. The South Carolina Supreme Court denied certiorari.

The petitioner's claim of ineffective assistance of counsel is without merit. Trial counsel made a tactical decision not to cross-examine Dr. Baker, based on his past experience with the witness and his respect for her opinion. *See Sexton v. French*, 163 F.3d 874, 887 (4th Cir. 1998) (tactical decision cannot be second-guessed by court reviewing a collateral attack on performance). Morever, the petitioner presented no evidence at the PCR hearing to support his claim that the victim's injury could have been caused by surgery she had as an infant. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992)("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

Moreover, the petitioner has not shown that the alleged deficient performance of trial counsel actually prejudiced him by showing that there is a reasonable probability of a different result but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 694. *See also Oken v. Cochran*, 220 F.3d 259, 271 (4th Cir. 2000). There was other convincing evidence of the petitioner's guilt, not the least of which was the testimony of his daughter, the victim in this case. In addition, another of the petitioner's daughters testified about a similar assault against her by the petitioner in 1989 when she was 11 years old. The petitioner was convicted of criminal sexual conduct with a minor and a lewd act upon a minor in connection with this incident. Based upon the evidence in the case, the petitioner cannot show that had his trial counsel

presented unsubstantiated testimony about the victim's medical condition the result would have been any different. Accordingly, the petitioner's claim is without merit.

***Ground Two***

In his second ground for relief, the petitioner argues that his trial counsel was ineffective for failing to inform him of "the court's offer of a favorable plea agreement." At the PCR hearing, the petitioner testified that his trial counsel did not inform him of a 15-year plea offer. He further testified that if he had been informed of the offer, he would have taken it (App. at 288).

The petitioner's trial counsel testified at the PCR hearing that during the trial or perhaps during jury deliberations, the trial judge offered to sentence the petitioner to 15 years if he would plead guilty to two counts of a lewd act. Trial counsel testified that he discussed the offer with the petitioner and his family:

> Q: Were you able to get the victim's[1] family members to go along with the recommended – with the plea negotiation?
>
> A: Mr. Butler's mother was mainly the one who seemed to be in charge and she was adamant that he not accept any plea bargain. And I had been trying to get Thomas to accept something. He told me that that was because, you know, he had talked with his mother and she encouraged him not to accept it.

(App. at 283-284). Later, under questioning by the petitioner's PCR attorney, trial counsel testified regarding the plea offer:

> Q: Now is it your testimony that Mr. Butler was offered fifteen years or thirty years as part of that plea agreement?
>
> A: He was offered thirty years and then mid-way, either mid-way through trial or in deliberations there was offered a fifteen.

---

[1] It appears from the context of this line of questioning that Mr. Salter, the assistant attorney general questioning trial counsel at the PCR hearing, was referring to the petitioner's family, not necessarily the victim's family. The court notes that the victim was a family member as well.

8

> Q: Do you have notes in your file where you discussed the offer of fifteen years with Mr. Butler?
>
> A: No. I just – no. Well, I'd have to look through it. I doubt it. I mean I remember it so clearly because it was – it was something the solicitor was not pleased with. But the judge said, you know, if he pleads right now to two counts of lewd act, I'll give him fifteen years.
>
> Q: And you discussed that with Mr. Butler?
>
> A: Yeah. He wanted to go forward.

(App. at 286-287).

The state court found that trial counsel's performance was not deficient under *Strickland*. The court found that trial counsel made several efforts to negotiate a plea on behalf of his client and that he kept his client informed of his efforts. While counsel clearly has the duty to advise his client of any plea offers, the petitioner has not shown that his attorney did not do so. Because the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record, this ground for relief is without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

s/Bruce H. Hendricks
United States Magistrate Judge

September 30, 2005

Greenville, South Carolina

9