UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Thomas Butler, #257552, | ) | C/A No. 8:04-1884-JFA-BH |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING RESPONDENTS' |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| Jon Ozmint, Director, South Carolina | ) | |
| Department of Corrections; and Henry | ) | |
| McMaster, Attorney General for South | ) | |
| Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

1

The *pro se* petitioner, Thomas Butler, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated at the South Carolina Department of Corrections

## BACKGROUND

The petitioner was charged in June 1998 with first degree criminal sexual conduct with a minor and lewd act upon a minor from an indictment of the Court of General Sessions for Charleston County. On April 14, 1999, a jury found Butler guilty of the charges. He was sentenced to life imprisonment for the criminal sexual conduct charge and fifteen years for the lewd act charge.

Butler filed a direct appeal of his conviction which the South Carolina Court of Appeals affirmed on February 22, 2001. Butler then filed his first Application for Post-Conviction Relief (PCR) on March 6, 2000, with an amendment on July 30, 2001. A PCR hearing was held on August 15, 2001 and the PCR was dismissed. On May 27, 2003, Butler filed a *Johnson*[1] petition. The South Carolina Supreme Court denied the petition on December 17, 2003 and granted counsel's request to withdraw.

Butler filed his second PCR on May 17, 2002. A hearing was held and the state judge dismissed the PCR as successive to his first PCR. Butler appealed that decision, and his new counsel also filed a *Johnson* petition. The South Carolina Supreme Court denied certiorari and relieved counsel on February 16, 2005.

The present petition for habeas corpus under 28 U.S.C. § 2254 was filed June 15,

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). *See also Anders v. California*, 386 U.S. 738, 744 (1967).

2

2004. In an order filed February 15, 2005, the undersigned denied summary judgment on Butler's first two claims because the Magistrate Judge found that the petitioner had actually exhausted those claims, contrary to the respondents' assertions. The third claim, which had not been exhausted at that time, was withdrawn by the petitioner.

The respondents thereafter filed an amended summary judgment motion as to the remaining two claims. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was apprised of his right and obligation to file papers in opposition to the motion for summary judgment. Butler filed a response in opposition the the amended motion on April 11, 2005.

The Magistrate Judge assigned to this action has prepared a detailed Report and Recommendation suggesting that Butler's claims are without merit and thus, respondents' motion for summary judgment should be granted. The petitioner was advised of his right to file objections to the Report and Recommendation. Within the time limits prescribed by the Local Rules, Butler filed a 6-page objection memorandum.

The court has reviewed, *de novo*, the Report and the objections thereto. The Report sets forth in detail the relevant facts involved in this case, and the court incorporates those facts as described in the Report without a recitation.

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2254 petition should be denied for the reasons set out in this order.

## STANDARD OF REVIEW

Substantial deference must be given to a state court's findings of fact. *See Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000). *See also* 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption or correctness by clear and convincing evidence."). However, where the ultimate issue is a mixed question of fact and law, as is the question of ineffective assistance of counsel, a federal count must reach an independent conclusion. *Strickland v. Washington*, 466 U.S. 668, 698 (1984).

This court's review of the findings of fact made by the PCR court is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-403 (2000); *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (federal habeas relief will be granted with respect to a claim adjudicated on merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[.]") (internal quotations and citations omitted). This court must be mindful of this deferential standard of review in considering petitioner's ineffective assistance of counsel claims.

In order to prevail on an ineffective assistance claim, the petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate

that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688-89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Respondents have moved for summary judgment pursuant to Rule 12(b) and Rule 56(b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *see* Habeas Corpus Rules 5-7.

Further, while the federal court is charged with liberally construing pleadings filed by a *pro se* litigant to allow the development of a potentially meritorious case; *See Cruz v. Beto*, 405 U.S. 319 (1972), and *Haines v. Kerner*, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine

issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### PETITIONER'S CLAIMS

*Ground One*

Petitioner claims that his counsel was ineffective through the failure to properly investigate and present evidence that the physical injuries to the victim's genitalia were caused by surgery that was performed on her when she was an infant.

Petitioner was convicted of sexually assaulting his 10-year-old daughter. The state's medical expert, Dr. Elizabeth Baker, testified that she examined the alleged victim and found an injury to the victim's vaginal area that was caused by blunt force penetrative trauma. Petitioner's trial counsel did not cross-examine Dr. Baker or dispute her testimony.

Petitioner argues that the physical injuries to the victim's genitalia were caused by surgery she had as an infant and that the victim's mother had indicated this same information to counsel. While petitioner claims on one hand that his trial counsel was ineffective for not investigating this allegation further, petitioner contends in his objections that counsel's testimony correctly predicted what the evidence would have been at trial. Petitioner also objects to the Magistrate's conclusion that trial counsel's decision not to cross-examine Dr. Baker was a tactical decision.

The PCR court found that counsel's performance on this issue was within the bounds of *Strickland* and the South Carolina Supreme Court denied certiorari.   As the Magistrate

6

notes, trial counsel made a tactical decision not to cross-examine Dr. Baker based upon his past experience with this witness and respect for her opinion. Moreover, the Magistrate indicates, the petitioner presented no evidence at the PCR hearing to support his claim that the victim's injury could have been caused by surgery she had as an infant. The Magistrate Judge also suggests that petitioner fails to show that the alleged deficient performance of trial counsel actually prejudiced him and that there was other convincing evidence of the petitioner's guilt. This court agrees with the Magistrate Judge's conclusion that this claim of ineffective assistance of counsel is without merit. Petitioner's objections are overruled.

### *Ground Two*

In his second ground for relief, the petitioner argues that his trial counsel was ineffective for failing to inform him of the court's offer of a favorable plea agreement. Petitioner claims that if counsel had informed him of the 15-year plea offer, he would have taken it. Trial counsel testified at the PCR hearing that he discussed the offer with the petitioner and his family. Petitioner's counsel also testified that "Mr. Butler's mother was mainly the one who seemed to be in charge and she was adamant that he not accept any plea bargain. And I had been trying to get Thomas to accept something. He told me that that was because, you know, he had talked with this mother and she encourage him not to accept it."

The state court found that trial counsel's performance was not deficient under *Strickland* and that trial counsel made several efforts to negotiate a plea on behalf of his client. Likewise, the Magistrate Judge opines that the PCR court's rejection of this ground

did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. The court agrees with the Magistrate Judge that this claim is without merit.

## CONCLUSION

The court has carefully reviewed the record in this case, the applicable law, the Report and Recommendation, and the objections thereto and finds the Magistrate's suggested disposition is proper. For the foregoing reasons, the objections are overruled; the Report and Recommendation is incorporated herein by reference; and respondents' motion for summary judgment is granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
November 15, 2005                                    United States District Judge
Columbia, South Carolina